# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-381 |
| | § | |
| ROBERT KERN and | § | |
| THE HUNTING CONSORTIUM | § | |

## MEMORANDUM AND ORDER

This Lacey Act case is before the Court on Defendants' Motion to Dismiss the Indictment Based on Prosecutorial Misconduct ("Motion to Dismiss") [Doc. # 46], to which the United States filed its Response [Doc. # 62]. Also pending is a related Motion to Compel Discovery of Grand Jury Transcripts [Doc. # 48], to which the United States filed its Response [Doc. # 50]. The Court has reviewed the full record in this case including, *in camera*, the charging instructions given to the grand jury. Based on this review and the application of governing legal authorities, the Court **denies** each of Defendants' motions.

Robert Kern and his company, The Hunting Consortium ("THC"), are charged with arranging hunting trips to Russia where Kern and THC caused client hunters to shoot moose and sheep from helicopters in violation of Russian law. Kern and THC

are charged with causing the hunters to import the illegally hunted animal trophies into the United States in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(1)(A) and 3373(d)(1)(A). The grand jury returned an indictment against Kern and THC, but did not indict the individual hunters.

Defendants seek dismissal of the indictment against them based on their assertion that the United States "misled the grand jury . . . by providing inconsistent instructions of law and statements of fact." *See* Motion to Dismiss, p. 1. After a grand jury returns an indictment, the federal judiciary plays a very limited role in reviewing the grand jury process. *See United States v. Strouse*, 286 F.3d 767, 771 (5th Cir. 2002). The Court has only limited supervisory power "to dismiss an indictment because of misconduct before the jury, at least where that misconduct amounts to a violation of one of those 'few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions.'" *Id.* at 771-72 (quoting *United States v. Williams*, 504 U.S. 36, 46 (1992)). An indictment is subject to dismissal based on prosecutorial misconduct solely when the alleged misconduct "amounts to overbearing the will of the grand jury so that the indictment is, in effect, that of the prosecutor, rather than the grand jury." *See United States v. McKenzie*, 678 F.2d 629, 631 (5th Cir. 1982).

The Court has reviewed *in camera* the instructions given to the grand jury in this case and finds conclusively that the grand jury was correctly and fairly instructed regarding 18 U.S.C. § 2(b). Consequently, the Court denies both the Motion to Dismiss based on the grand jury instructions and, pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, denies the Motion to Compel production of the transcript of the grand jury instructions.

Defendants also complain about the opinion testimony of a Special Agent of the United States Fish and Wildlife Service Office of Law Enforcement. The Agent testified before the grand jury that he considered a hunting outfitter, such as Kern and THC, more culpable than the individual hunters. The Federal Rules of Evidence and other Constitution-based evidentiary rules do not apply to grand jury proceedings. *See* FED. R. EVID. 1101(d)(2); *United States v. Calandra*, 414 U.S. 338, 345 (1974); *United States v. Costello*, 350 U.S. 359, 362 (1956). Moreover, the opinion testimony from the agent does not constitute prosecutorial misconduct because it was in no way so egregious or severe as to overcome the grand jurors' will. *See McKenzie*, 678 F.2d at 631.

The United States correctly and fairly instructed the grand jury on the law governing this case, and the opinion stated by the Special Agent, *assuming arguendo*

there was any impropriety, is well below the standard for dismissal of an indictment based on prosecutorial misconduct. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 46] and Motion to Compel [Doc. # 48] are **DENIED**.

SIGNED at Houston, Texas this 12th day of **December, 2007**.

_____
Nancy F. Atlas
United States District Judge