IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 07-381 |
| | § | |
| ROBERT KERN and | § | |
| THE HUNTING CONSORTIUM | § | |

## MEMORANDUM AND ORDER

This Lacey Act case is before the Court on the Motion to Continue Trial ("Motion") [Doc. # 88] filed by the United States. Following a telephone conference to discuss the Motion, the United States filed a Supplemental Memorandum [Doc. # 96], and Defendants filed their Opposition [Doc. # 97]. Based on the Court's review of the full record in this case, the Court concludes that the prejudice to Defendants from any further delay significantly outweighs the United States' need for a continuance. As a result, the Court **denies** the Motion to Continue Trial.

### I. BACKGROUND

Robert Kern and his company, The Hunting Consortium ("THC"), arranged hunting trips to Russia on September 15 and 18, 2002. The United States alleges that Kern and THC caused client hunters to shoot moose and sheep from helicopters in violation of Russian law. Kern and THC are charged with causing the hunters to

import the illegally hunted animal trophies into the United States in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(1)(A) and 3373(d)(1)(A). The Indictment was returned on September 12, 2007, only days before the expiration of the five-year statute of limitations, 18 U.S.C. § 3282.[1]

At Defendants' arraignment on September 21, 2007, the trial of this case was scheduled to begin in November 2007. Defendants moved for a continuance of the trial date for sixty to ninety days in order to accommodate witnesses from Russia. At a conference on October 28, 2007, the Court granted Defendants' motion and rescheduled the trial to January 28, 2008.

On January 16, 2008, the Court granted – over Defendants' strenuous objection – the United States' oral motion for a continuance in order to obtain evidence from Russia. The Court rescheduled the trial to April 28, 2008.

On February 21, 2008, Defendants filed a Motion to Continue the trial to a date after June 3, 2008, again to accommodate their Russian witnesses. The United States did not oppose Defendants' motion, but requested that the presentation of evidence not begin until June 5, 2008, although jury selection could begin on June 4, 2008. As

---

[1] The "catch-all" statute of limitations in 18 U.S.C. § 3282 applies to alleged violations of the Lacey Act. *See, e.g., United States v. Borden*, 10 F.3d 1058, 1062 (4th Cir. 1993).

requested by the parties, the Court granted Defendants' motion and rescheduled jury selection for June 4, 2008.

On May 16, 2008, the United States filed the currently-pending Motion.  The United States represents that it has not yet received responses to its Mutual Legal Assistance Treaty ("MLAT") request.[2]  The MLAT request, with which the Russian Federation is not obligated to comply, seeks evidence relevant to certain licenses Defendants claimed gave them legal authorization to hunt from helicopters in Russia.  The United States had questioned the authenticity of the licenses and issued the MLAT request to obtain evidence from the Russian Federation to support the authenticity challenge.  Defendants, however, responded to the United States' questions about the authenticity of the licenses by withdrawing their notice of intent to offer the licenses as evidence at trial.  Consequently, the evidence from the Russian Federation that is responsive to the MLAT request now appears to have limited relevance and to be much less crucial to the prosecution's case.  The Motion has been fully briefed and is ripe for decision.

---

[2]   As directed by the Court, the United States filed a copy of the MLAT request *ex parte* and under seal.  See MLAT Request [Sealed Doc. # 95].  The Court has carefully reviewed the MLAT request.

## II.   ANALYSIS

The Speedy Trial Act permits the Court to exclude a period of time, not to exceed one year, for a party to obtain evidence from a foreign country. *See* 18 U.S.C. § 3161(h)(9).  The Act also allows the Court to delay a trial if the ends of justice outweigh the interests of the defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(8).

In this case, the charged conduct occurred in September 2002, almost five years before the grand jury returned the Indictment in this case.  The United States asks for a continuance of 45-60 days, which would result in trial no earlier than late July 2008, almost one year after the Indictment was returned and almost six years after the alleged violations of the Lacey Act.  Additionally, Defendants represent that their witnesses from Russia, even if they were willing to come to Houston for a trial any time other than June 4, 2008, could not come for quite some time – October 2008 for one witness and early 2009 for another.  This would delay the trial for a period of time well beyond the maximum one year delay contemplated by § 3161(h)(9).

The Court cannot find that the United States' need for the continuance outweighs the interests of Defendants and the public in a speedy trial.  As was noted above, the MLAT requested evidence relevant to licenses on which Defendants based

their argument that the 2002 hunts were legal under Russian law.[3]  Defendants have now advised the Court, and the Court relies on Defendants' representation, that they will not seek to introduce those licenses into evidence.  Additionally, the Court has advised Defendants that any witness who seeks to testify that he provided legal authorization for the 2002 hunts would first need to establish his authority under Russian law – through evidence beyond his own testimony – to provide such legal authorization for conducting hunts from aircraft.  Consequently, most of the evidence that is responsive to the current MLAT request is of limited relevance in the case, and the United States' need for a continuance to obtain that evidence is equally limited.[4]

Defendants, however, have shown that they will suffer significant prejudice if the trial is continued.  Financially, Defendant Kern will lose approximately $20,000.00 for unused airfare and hotel accommodations for the witnesses from Russia.  This is in addition to the lost business he is suffering while the charges against him and THC are pending.  More importantly, it is questionable whether Defendants' Russian witnesses will be willing to travel to Houston at a later date.  They have twice undergone the visa process for travel to the United States, and may

---

[3]   Defendants have asserted since at least November 2007 that the 2002 hunts that are the subject of the Indictment in this case were legal under Russian law.

[4]   The Court notes that the evidence requested by the MLAT could still arrive and be available to the United States in time for trial.

not be willing to complete the process a third time. It is unknown whether the witnesses will be able to obtain permission from their employers to travel later in the year or early next year. Defendants have shown that a continuance of the trial could seriously impede their ability to present witnesses in their defense.

The requested continuance could result in a period of delay for more than one year after indictment and more than six years after the alleged Lacey Act violations in 2002. Moreover, the likely prejudice to Defendants significantly outweighs the United States' need for the evidence from Russia. Therefore, the Court denies the Motion.

### III. CONCLUSION AND ORDER

Defendants have shown that they will be prejudiced by a continuance of the June 4, 2008, trial date. That prejudice outweighs the United States' need for evidence with limited relevance. As a result, the Court concludes that the interests of justice, and the interests of Defendants and the public, weigh against continuing the trial of this case, and it is hereby

**ORDERED** that the United States' Motion to Continue Trial [Doc. # 88] is **DENIED**. The case will be transferred to the Hon. David Hittner for all further proceedings, including jury selection and trial beginning June 4, 2008.

SIGNED at Houston, Texas this 28th day of May, 2008.

_____
Nancy F. Atlas
United States District Judge